UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM & ORDER** |
| | 10-CR-00941 (HG) |
| v. | 16-CV-03285 (HG) |
| DARVELL WILLIAMS, | |
| Defendant. | |

**HECTOR GONZALEZ**, United States District Judge:

Defendant Darvell Williams has filed a motion, pursuant to 28 U.S.C. § 2255, to vacate his single count of conviction for brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c), which was entered pursuant to his guilty plea. ECF No. 156. The basis for Defendant's motion is that an attempted Hobbs Act robbery cannot serve as the predicate crime of violence necessary to sustain that conviction according to the Supreme Court's definition of a crime of violence established in *Johnson v. United States*, 576 U.S. 591 (2015). *Id.* Defendant's motion was held in abeyance for several years by the district judge who previously presided over this case while the case law regarding the definition of a crime of violence continued to develop. Defendant's motion was recently reassigned to this Court, and the Court denies the motion for the reasons set forth below.

The Government originally opposed Defendant's motion because the Second Circuit had ruled in *United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021), that an attempted Hobbs Act robbery still qualified as a crime of violence according to the definition established by *Johnson* and its progeny. ECF No. 197. However, the Supreme Court held more recently in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that an attempted Hobbs Act robbery is not a crime of violence, and in an order issued within a week of the *Taylor* decision, the Supreme Court vacated

the Second Circuit's decision in *McCoy* on that basis.  *See McCoy v. United States*, 142 S. Ct. 2863 (2022).

The Supreme Court's decision in *Taylor* is not, however, dispositive of Defendant's motion.  Defendant's plea agreement contained a provision in which he waived any right to file a motion to vacate his conviction, pursuant to 28 U.S.C. § 2255, or any other form of collateral attack to his conviction, so long as he received a sentence of 84 months or less.  ECF No. 202-1 at 3.  Defendant received a sentence of 84 months, thereby placing his sentence within the scope of the waiver.  ECF No. 139.

Defendant argues that his collateral attack waiver has been rendered unenforceable by the change in law described above since, if Defendant were charged today, he could not be convicted as a matter of law for a violation of 18 U.S.C. § 924(c) predicated on an attempted Hobbs Act robbery.  ECF No. 201 at 4–5.  But the Second Circuit rejected this argument last month and held that several similarly-situated defendants had waived, through their plea agreements, their right to file a motion to vacate their convictions for violations of 18 U.S.C. § 924(c) predicated on a Hobbs Act conspiracy.  *Cook v. United States*, 84 F.4th 118, 124–25 (2d Cir. 2023).  As the Second Circuit explained, "[t]he enforceability of a collateral-attack waiver turns on whether the petitioner's plea was knowing and voluntary, not the nature of any subsequent legal developments."  *Id.* at 124.[1]

Defendant argues that his plea was not knowing and voluntary because the district judge who presided over his sentencing advised him only that he was, through his guilty plea, "waiv[ing] or giv[ing] up [his] right to appeal or challenge in any other way all or part of [his]

---

[1]   Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

sentence in this case," without mentioning that his plea agreement unambiguously also waived his right to challenge his conviction. *See* ECF No. 201 at 2–4; ECF No. 202-1 at 3. This exact argument was also rejected in *Cook*, which shows, as a threshold issue, that Defendant's challenge to the voluntariness of his plea is too late because he neither appealed his conviction nor moved to vacate his conviction within the one-year statute of limitations required by 28 U.S.C. § 2255(f)(1). *Cook*, 84 F.4th at 122–23. Even if Defendant's challenge were timely, the prior district judge's "omission of one aspect of the waiver did not inject ambiguity into the plea agreement's otherwise clear terms." *Id.* at 123. Furthermore, even if there were a risk of ambiguity, since Defendant and his counsel explained during the change-of-plea hearing that they had reviewed the plea agreement together, *see* ECF No. 86 at 14–15, Defendant cannot show that he "w[as] affirmatively misled by" the district judge's supposedly erroneous description or "that there [is] a reasonable probability that, but for the error, [he] would not have entered the plea." *Cook*, 84 F.4th at 124.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's motion, made pursuant to 28 U.S.C. § 2255, to vacate his conviction. ECF No. 156. The Court declines to issue a certificate of appealability because Defendant has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Any additional request for a certificate of appealability must be addressed to the Second Circuit. *See* Fed. R. App. P. 22(b). The Clerk of Court is respectfully directed to close case No. 16-cv-03285.

SO ORDERED.

                                                                */s/ Hector Gonzalez*
                                                                HECTOR GONZALEZ
                                                                United States District Judge

Dated: Brooklyn, New York
       November 17, 2023